J-S08040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER STEWART | : | |
| | : | |
| Appellant | : | No. 865 EDA 2018 |

Appeal from the Judgment of Sentence February 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0306731-2005,
CP-51-CR-1206971-2004

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:              **FILED MARCH 04, 2019**

Appellant Christopher Stewart appeals from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County following the revocation of his probation for the fifth time.  After review, we affirm.

The trial court detailed the relevant facts and procedural history herein in its Pa.R.A.P. 1925(a) Opinion.  ***See*** Trial Court Opinion, filed 6/5/18, at 1-6.

On February 16, 2018, Appellant was sentenced to an aggregate prison term of two and one-half (2 ½ ) years to five (5) years.  On February 26, 2018, Appellant filed his Petition to Vacate and Reconsider Sentence, and on March 19, 2018, he filed his Amended Petition to Reconsider Sentence  along with his notice of appeal.  On April 2, 2018, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to

_____
*   Former Justice specially assigned to the Superior Court.

Pa.R.A.P. 1925(b), and Appellant complied on April 18, 2018. Appellant also was permitted to file an amended concise statement after he received the notes of testimony from January 17, 2018, and he did so on May 24, 2018.

On appeal, Appellant presents the following Statement of the Question Presented:

> Did not the trial court err and abuse its discretion by sentencing Appellant to 2 ½ to 5 years' state incarceration for technical probation violations in contravention of 42 Pa.C.S.A. § 9771(c), where the court's pattern of sentencing Appellant to total confinement for technical violations of his probation throughout the probationary period was, and is, manifestly excessive and unreasonable in view of the fact that Appellant was employed and able to return to that employment, and where the Commonwealth agreed to the recommendation of defense counsel that a sentence of 6 to 12 months' incarceration with a one year probationary tail would have been [a] proportionate sentence of state incarceration, and the court failed to offer any valid reasons for the imposition of the sentence imposed?

Brief for Appellant at 4. Such a claim challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa.Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects

of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *See id.* An appellant raises a substantial question when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010).

Herein, Appellant preserved this issue in a post-sentence motion, filed a timely notice of appeal, and included a "Statement of the Reasons for Allowance of Appeal from Discretionary Aspects of Sentence" in his appellate brief wherein he asserts a substantial question is raised for several, independent reasons. Brief for Appellant at 9-12. In his Section 2119(f) statement, Appellant challenges "the disproportionality and excessiveness of the sentence for a technical violation of probation." Appellant's Brief at 11.

This claim raises a substantial question. ***See Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa.Super. 2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."). Furthermore, Appellant contests the trial court's imposition of a sentence of total confinement. Appellant's Brief at 9. This claim also presents a substantial question. ***See Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa.Super. 2014) ("Appellant's claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a

substantial question for our review."). Finally, Appellant maintains the trial court imposed a sentence beyond that to which the Commonwealth agreed at the sentencing hearing without stating specific reasons for it on the record. Appellant's Brief at 11. "[A] claim the trial court failed to state its reasons for deviating from the guidelines presents a substantial question for review." ***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa.Super. 2009).

Accordingly, we find that Appellant has raised a substantial question. By raising a substantial question, along with fulfilling the other requirements of our four-part analysis, Appellant consequently has merited our discretionary review.

We have reviewed the certified record, including the VOP and sentencing transcript from February 16, 2018, the parties' briefs, the applicable law, and the comprehensive, thorough, and well-reasoned Opinion authored by the Honorable Genece E. Brinkley filed on June 5, 2018. We conclude that Judge Brinkley's Opinion accurately disposes of the issues Appellant presents on appeal, and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Brinkley's Opinion as our own and affirm the judgment of sentence appeal from on that basis.

The parties are instructed to attach a copy of the trial court's June 5, 2018, Opinion to all future filings.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/4/2019*

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

COMMONWEALTH         :         CP-51-CR-1206971-2004
                              CP-51-CR-0306731-2005

CP-51-CR-1206971-2004 Comm. v. Stewart, Christophe
Opinion



8118972951

vs.         :

        :

CHRISTOPHER STEWART         :         SUPERIOR COURT
aka Christophe Stewart                     865 EDA 2018

OPINION

BRINKLEY, J.                                          JUNE 5, 2018

Defendant Christopher Stewart appeared before this Court for his fifth violation hearing. This Court found him in technical violation for absconding and, as a result, revoked his probation and sentenced him to 2 ½ to 5 years state incarceration.[1] Defendant appealed this judgment of sentence to the Superior Court and raised the following issues on appeal: (1) whether the Court erred and abused its discretion by sentencing Defendant to a term of total state incarceration after finding him in technical violation in violation of 42 Pa.C.S. § 9771 and for the Court's "pattern of sentencing petitioner to total confinement for technical violations of his probation throughout the probationary period;" (2) whether the sentence imposed was manifestly unreasonable and whether the Court failed to comply with the requirements of 42 Pa.C.S. § 9721; (3) whether the Court failed to state sufficiently adequate reasons for the sentence

---

[1] Judge Dembe's case, CP-51-CR-0306731-2005, was administratively reassigned to this Court, and this sentence was to run concurrently with CP-51-CR-1206971-2004.

imposed. All of these claims are without merit and this Court's judgment of sentence should be affirmed.

## FACTS AND PROCEDURAL HISTORY

On February 9, 2005 Defendant pled guilty to one count of burglary graded as a felony of the first degree and one count of conspiracy graded as a felony of the first degree (CP-51-CR-1206971-2004). He was sentenced in accordance with his negotiated guilty plea to 6 to 23 months county incarceration, plus one year reporting probation on both charges to run concurrently to one another. This Court ordered Defendant to stay out of trouble, to seek and maintain employment, and to pay mandatory court costs and fees.

On March 23, 2005, Defendant was released on parole. Subsequently, Defendant absconded from supervision and failed to report to the Probation Department. On August 18, 2005, Defendant appeared before the Honorable Pamela Dembe and pled guilty to burglary graded as a felony in the first degree (CP-51-CR-0306731-2005). On October 5, 2006, wanted cards were issued for Defendant. He was arrested and charged with intentional possession of a controlled substance. This charge was subsequently discharged. On October 11, 2007, Defendant was before this Court for his first violation hearing and was found in technical violation for absconding from supervision. This Court terminated parole, revoked probation and sentenced Defendant to 11 ½ to 23 months county incarceration plus three years reporting probation to run concurrently on both charges and to run concurrently with Judge Dembe's sentence. This Court ordered Defendant to obtain job training, seek and maintain employment while on house arrest, and pay fines and costs. This Court warned Defendant that if he were to come before this Court for another violation hearing, that he would receive a state sentence.

2

Defendant continued to fail to comply with the terms of his probation. On March 14, 2008, this Court held a second violation hearing and found Defendant in technical violation after Defendant tested positive multiple times for benzodiazepine, cocaine, and marijuana. This Court terminated Defendant's parole and revoked probation. This Court imposed a new sentence of 2 to 4 years state incarceration plus five years reporting probation, with credit for time served. This Court permitted Defendant to serve this sentence in the county jail with work release eligibility. Defendant was ordered to obtain his GED, participate in a drug treatment program, and to pay fines, costs and supervision fees.

On February 23, 2012, Defendant began county probation after completing state parole. Defendant continued to test positive for marijuana and benzodiazepines throughout the entire year of 2012 and walked away from urinalyses testing. On July 20, 2012, Defendant appeared before this Court for a status hearing and this Court ordered a urinalysis forthwith. Defendant was also ordered to get caught up on his payments, to report two times a month to probation, and to submit random urinalyses. On September 18, 2012, Defendant appeared before this Court for status hearing and advised this Court that he was attending DeVry University. Defendant was still testing positive for marijuana and opiates, although he did have a prescription for medication containing opiates. This Court ordered Defendant to attend the Wedge drug treatment program.

On December 19, 2012, Defendant appeared before this Court for his third violation hearing. This Court found Defendant in technical violation but allowed probation to continue. This Court ordered that Defendant undergo a Forensic Intensive Recovery (FIR) evaluation and return to the Wedge drug treatment program. This Court ordered Defendant to pay fines, costs, and fees at a rate of $25.00 per month and to obtain part-time employment.

3

On May 10, 2013, this Court conducted a fourth violation hearing. This Court once again found him to be in technical violation for continuing to use drugs, and as a result, revoked his probation. Defendant was sentenced to an aggregate term of 11 ½ to 23 months county incarceration plus 3 years reporting probation. This Court ordered that Defendant serve his time at Hoffman Hall and complete 90 days in the Options drug treatment program. This Court further ordered Defendant to complete parenting classes, receive job training, and enroll in anger management classes. On July 1, 2013, this Court heard argument regarding Defendant's motion to reconsider sentence. This Court denied his motion and ordered that the sentence imposed on May 10, 2013 was to remain. Defendant appealed to the Superior Court and this Court's judgment of sentence was affirmed on June 10, 2014.

On April 3, 2014, Defendant was granted early parole effective April 25, 2014. On August 27, 2014, this Court conducted a probation status hearing. This Court ordered probation to continue, ordered Defendant to pay $25/month towards fines and costs, maintain employment and stay out of trouble with the law. Subsequently, Defendant absconded from supervision. According to the probation summary, Defendant last reported to the probation department on September 17, 2014. On February 26, 2015, Defendant called his probation officer and was told to report the next day. He failed to do so. On February 27, 2015, his probation officer visited his house and gave Defendant's brother a warning letter. Wanted cards were issued that same day. Defendant's whereabouts remained unknown until nearly two years later, when, on February 18, 2017, Defendant was arrested and charged with knowing possession of a controlled substance. This matter was discharged in December 2017.

On January 17, 2018, Defendant appeared before this Court for his fifth violation hearing. At that time, this Court found, and defense counsel agreed, that Defendant was in technical

4

violation for absconding from supervision. (N.T. 1/17/18, p. 7). Sentencing was deferred to February 16, 2018. On that date, Defendant appeared before this Court for sentencing. First, this Court reviewed Defendant's conduct and criminal history since his first appearance before this Court in 2005. The Probation Department's summary report was incorporated into the record by reference, wherein the Probation Department recommendation revocation and a term of incarceration since Defendant absconded from supervision. Next, defense counsel recommended a sentence of 6 to 12 months incarceration plus "whatever probationary tail Your Honor deems appropriate." She argued that Defendant had significant time credit to be applied to his sentence. Defense counsel further argued that Defendant had been working various jobs while he was absconding and submitted pay stubs and letters from his employers. Defense counsel also stated that Defendant's brother was present to show his support. (N.T. 2/16/18, p. 4-8). Next, the Commonwealth's attorney stated that he agreed with defense counsel's representations as well as her recommendation of a 6 to 12 month sentence with a period of probation to be determined by the Court. Id. at 9. Next, Defendant spoke on his own behalf. He apologized to this Court and to his family for his behavior. He stated that he took "full responsibility" for his actions, that he was trying to become a better person, and he asked this Court for leniency. Id. at 10. This Court then incorporated by reference into the record the entire opinion issued by Superior Court on June 10, 2014. This Court then reviewed Defendant's multiple appearances before this Court for violations of probation/parole and the myriad of County programs in which he participated, stating that Defendant "had numerous opportunities to get what he needed in the County." This Court sentenced Defendant to 2 ½ to 5 years state incarceration. Id. at 11-13.

On February 26, 2018, Defendant filed a Petition to Vacate and Reconsider Sentence. On March 19, 2018, Defendant filed a Notice of Appeal to Superior Court. On April 2, 2018, this

Court ordered that Defendant file a Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b). On April 18, 2018, defense counsel filed a Statement of Errors as well as a Request for Extension of Time to file a Supplemental Statement of Errors upon receipt of the notes of testimony from the January 17, 2018 hearing. On May 23, 2018, this Court learned from Court Reporting Administration that defense counsel had been given the notes of testimony from the January 17, 2018 hearing on May 3, 2018. This Court then ordered that defense counsel file a Supplemental Statement of Errors no later than May 25, 2018. Defense counsel did so on May 24, 2018.

## ISSUES

I. **WHETHER THE COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING DEFENDANT TO A TERM OF TOTAL INCARCERATION AFTER FINDING HIM IN TECHNICAL VIOLATION.**

II. **WHETHER SENTENCE IMPOSED WAS MANIFESTLY UNREASONABLE AND WHETHER THE COURT FAILED TO COMPLY WITH THE REQUIREMENTS OF 42 PA.C.S. § 9721.**

III. **WHETHER THE COURT FAILED TO STATE SUFFICIENTLY ADEQUATE REASONS FOR THE SENTENCE IMPOSED.**

## DISCUSSION

I. **THIS COURT PROPERLY SENTENCED DEFENDANT TO A TERM OF TOTAL INCARCERATION AFTER FINDING HIM IN TECHNICAL VIOLATION FOR THE FIFTH TIME.**

Defendant claims that this Court abused its discretion when it sentenced Defendant to a term of total incarceration for a technical violation in violation of 42 Pa.C.S. § 9771. This claim is without merit. This Court properly sentenced Defendant to 2 ½ to 5 years state incarceration after finding him in technical violation for the fifth time, where Defendant absconded from supervision and continued to abuse drugs. This sentence was absolutely necessary to vindicate the authority of the court.

6

The standard of review for sentences imposed following a revocation of probation is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Commonwealth v. Swope, 123 A.3d 333 (Pa.Super.2015) (quoting Commonwealth v. Colon, 102 A.3d 1033, 1043 (Pa.Super.2014)).

When considering an appeal from a sentence imposed after the revocation of probation or parole, appellate review is limited to the determination of "the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives it had at the time of the initial sentencing." Commonwealth v. MacGregor, 2006 PA Super. 336, 2006 Pa. Super. LEXIS 4088, 3 (2006) (citing 42 Pa.C.S. § 9771(c)); Commonwealth v. Gheen, 455 Pa. Super. 499, 688 A.2d 1206, 1207 (1997)). Once probation or parole has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of court. 42 Pa.C.S.A. § 9771(c); Commonwealth v. Coolbaugh, 2001 PA Super. 77, 770 A.2d 788, 792 (2001). There is no requirement that a sentencing court's imposition of sentence be the "minimum possible confinement." Walls, 592 Pa. at 571, 926 A.2d at 965.

In the case at bar, a term of total confinement was essential to vindicate the authority of the court. Through his course of conduct while serving probation, Defendant repeatedly

7

demonstrated his disdain for this Court's rules and the conditions placed upon him. Defendant failed to comply with all previous judicial efforts to rehabilitate Defendant through house arrest, county probation, and parole, as well as prior revocations where this Court continued to give Defendant lenient sentences and ordered him to enter drug treatment with the hope that he would make meaningful progress towards his rehabilitation without having to resort to state incarceration. Each time, Defendant thumbed his nose at this Court and refused to take his sentence seriously. Indeed, after his most recent violation hearing, Defendant completely disregarded any of this Court's orders and absconded for two years. It bears repeating that this was Defendant's **fifth** violation hearing. He had several chances to rehabilitate himself through county programs; however, he chose to continue to do what he wanted to do, namely, use drugs and abscond from supervision. After Defendant violated yet again, it became clear that Defendant was unable to get the help he needed through county programs and this Court had no choice but to impose a term of state incarceration. As this Court stated at the violation hearing, "This sentence is absolutely necessary to vindicate the authority of the Court. As I indicated through the history of this case, the Defendant has basically thumbed his nose at this Court. Done what he wanted to do over all these years, even though I sentenced him to repeated County sentences with a chance to get drug treatment and to get himself together, and he has not done well. And he's back again, basically doing the same thing, absconding and not doing what he's supposed to do." Instead of complying with the terms and conditions of his probation by attending drug treatment and reporting to his probation officer, Defendant chose to disregard this Court's directions and did whatever he wanted to do. Thus, this Court properly sentenced Defendant to a term of total confinement as it was essential to vindicate the authority of the court.

Defendant argues that this Court demonstrated a "pattern of sentencing [Defendant] to total confinement for technical violations of his probation throughout the probationary period." The record shows that this Court fashioned individualized sentences after each violation hearing in an attempt to help Defendant address his serious substance abuse problem. At more than one probation status hearing, this Court chose not to find Defendant in technical violation even though he was testing positive for illicit drug use. Instead this Court allowed probation to continue and ordered him to attend drug treatment. Indeed, at Defendant's third violation hearing on December 19, 2012, this Court found Defendant in technical violation but allowed probation to continue and once again ordered him to return to the Wedge drug treatment program. When this Court found Defendant in technical violation again approximately six months later for continuing to use drugs, this Court imposed a county sentence but recommended that he serve his sentence at Hoffman Hall and complete 90 days in the Options drug treatment program. Thus, the record is clear that this Court did not simply send Defendant to jail for every technical violation; rather, this Court attempted several times to craft sentences that would allow Defendant to address his serious drug problem either through inpatient/outpatient drug treatment programs or through the county Options program. Each time, Defendant failed to make any meaningful progress towards sobriety and rehabilitation. Therefore, this Court properly imposed a term of state incarceration after exhausting all other options, including county incarceration, county probation, county parole, work release, and drug treatment facilities.

## II.    THIS COURT PROPERLY SENTENCED DEFENDANT TO 2 ½ TO 5 YEARS STATE INCARCERATION.

This Court properly sentenced Defendant to 2 ½ to 5 years state incarceration after finding him in technical violation of his probation for the fifth time. Contrary to Defendant's claim that this sentence was manifestly excessive, this sentence was a reasonable exercise of this

9

Court's discretion in light of the facts and circumstances of this case. When considering an appeal from a sentence imposed after the revocation of probation or parole, appellate review is limited to the determination of "the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives it had at the time of the initial sentencing." Commonwealth v. MacGregor, 912 A.2d 315 (Pa.Super. 2006) (citing 42 Pa.C.S. § 9771(c)); Commonwealth v. Gheen, 455 Pa. Super. 499, 688 A.2d 1206, 1207 (1997)). The sentencing court is limited only by the maximum sentence it could have imposed at the time of the original sentencing. Id. Pursuant to 204 Pa. Code 303.1(b), sentencing guidelines do not apply to sentences imposed as a result of revocation of probation, intermediate punishment or parole.

"[W]hen a trial court imposes a sentence that is within the statutory limits, 'there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment'." Commonwealth v. Mouzon, 571 Pa. 419, 812 A.2d 617, 624-625 (quoting Commonwealth v. Person, 450 Pa. 1, 297 A.2d 460 (1972)). In addition, a sentence will not be disturbed unless the appellate court determines that the sentence is "unreasonable." Reasonableness is determined by examining the four statutory factors set forth in 42 Pa. C.S.A. § 9781(d) as well as the general sentencing standards outlined in 42 Pa. C.S.A. § 9721(b).42 Pa. C.S.A. § 9721(b) requires the sentencing court to consider the protection of the public, the gravity of the offense in relation to the impact of the victim and the community, and the rehabilitative needs of the defendant. There is no requirement that a sentencing court's imposition of sentence be the "minimum possible confinement." Commonwealth v. Walls, 592 Pa. 557, 570, 926 A.2d 967, 965 (2007).

10

In the case at bar, Defendant's sentence was within the statutory limits and was reasonable in light of all relevant factors. As stated above, the length of incarceration was solely within this Court's discretion and was limited only by the maximum sentence that could have been imposed at the original sentencing. Under Pennsylvania law, the maximum sentence for burglary and conspiracy, graded as felonies of the first degree, is 20 years incarceration, a $25,000 fine, or both. Defendant was sentenced to 2 ½ to 5 years state incarceration, with credit for time served. This sentence was within the statutory limits and was a reasonable exercise of the Court's discretion in light of Defendant's criminal history, repeated failure to comply with the terms of his parole/probation, utter failure to rehabilitate himself while serving this Court's sentence in various drug treatment programs, and absconding from supervision for two years for the second time. Indeed, this was Defendant's **fifth** violation hearing. Defendant had been given multiple chances to rehabilitate himself through county programs. Instead of using these opportunities to turn his life around, Defendant once again chose to thumb his nose at this Court and continued to commit the same sort of violations, namely, to use drugs and abscond from supervision. After Defendant violated yet again, it became clear that Defendant was unable to get the help he needed through county programs and this Court decided to impose a term of state incarceration, with the hope that he could get the help he needed through state programs as the county programs had all failed.

Furthermore, this Court properly considered the factors set forth in 42 Pa.C.S.A. § 9721: the protection of the public, the gravity of Defendant's offense in relation to the impact on the victim and the community, and his rehabilitative needs. While on probation, Defendant continued to abuse drugs; indeed, he was arrested twice for drug possession. Since his original guilty plea in 2005, this Court has given Defendant numerous chances to rehabilitate himself

11

through various county drug treatment programs, county probation and parole, and county incarceration. Unfortunately, Defendant once again failed to take his sentence seriously and his conduct while on probation, including absconding from supervision for two years, indicated that he was not making meaningful progress towards rehabilitation. Revocation and a state sentence was an appropriate sentence under the circumstances in order to facilitate Defendant's rehabilitation and for the protection of the community. In order to make this determination, this Court considered Defendant's long history since his original conviction in 2005, reviewed the recommendation of the Probation Department, heard argument from Commonwealth and defense counsel, and listened Defendant's own allocution. After taking all of this into consideration, this Court found it appropriate to impose a 2 ½ to 5 years sentence.

Defendant argues that the Court abused its discretion when imposing this sentence because the Assistant District Attorney "agreed with the recommendation of defense counsel for a sentence of 6 – 12 months plus 1 year probation." This claim is without merit. This Court was under no obligation to sentence Defendant to whatever terms the parties agreed upon. As stated above, "[t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. Swopes, *supra*. This Court is also under no obligation to impose the minimum possible sentence. Walls, *supra*. Pursuant to general sentencing standards, the sentencing court must consider the protection of the public, the gravity of the offense in relation to the impact of the victim and the community, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. 9721. There is no requirement that this Court solely rely on the recommendations of counsel at a violation hearing simply because they agree on a sentence. Rather, this Court took into consideration Defendant's course of conduct since 2005, his rehabilitative needs, the impact of

12

his crimes and drug use on the community, the protection of the public, as well as the recommendations from the Probation Department and counsel. After weighing all of the information, this Court found it appropriate to impose a 2 ½ to 5 year term of state incarceration.

## III.    THIS COURT STATED SUFFICIENT REASONS ON THE RECORD FOR THE SENTENCE IMPOSED.

The Court stated sufficient reasons on the record justifying the sentence imposed. At the time of sentencing, the judge is obligated to state on the record the reason for the sentenced imposed, however the explanation need not be lengthy and "a discourse on the court's sentencing philosophy is not required." Pa. R. Crim. P. 708(C)(2); Commonwealth v. Malovich, 903 A.2d 1247 (Pa.Super.2006) (quoting Commonwealth v. McAfee, 849 A.2d 270, 275 (Pa.Super. 2004)). The purpose of this requirement is to provide "a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentence proceeding ends, and to identify and frame substantive claims for post sentence motions or appeal." Commonwealth v. Reaves, 592 Pa. 134, 150-151, 923 A.2d 1119, 1129 (2007). According to the Pennsylvania Supreme Court:

> VOP proceedings are often short and to the point. A convicted defendant released into the community under such control of the sentencing judge, who violates the terms of his release and thereby betrays the judge's trust, is rarely in a strong position. Unless the defendant's lapses are explainable, or there has been some mistake of fact, the question of whether release will be terminated, and if so, the length of incarceration, rests peculiarly within the discretion of the VOP judge. In instances where parole is revoked, the reason for revocation and sentence are usually obvious, and there is not much that the judge would need to say.

Id. at 153, fn. 12. More recently in Pasture, the Pennsylvania Supreme Court explained:

13

> Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings.

107 A.3d at 453 (citing Walls, 592 Pa. at 574 n.7, 926 A.2d at 967 n.7). "[W]here the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deference standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion. Id. at 454.

In the case at bar, this Court sufficiently stated reasons on the record for the sentence imposed. This Court recounted on the record the numerous chances and opportunities Defendant was offered to turn his life around. This Court repeatedly sent him to drug treatment, job training classes, work release programs; each time, Defendant failed to take the opportunity seriously. Most recently, he continued to use drugs and absconded from supervision for two years. His whereabouts remained unknown until he was arrested and charged with drug possession. As this Court stated at the violation hearing:

> The Defendant having had numerous opportunities to get what he needed in the County, I will impose a State sentence today...This sentence is absolutely necessary to vindicate the authority of the Court. As I indicated through the history of this case, the Defendant has basically thumbed his nose at the Court. Done what he wanted to do over all these years, even though I sentenced him to repeated County sentences with a chance to get drug treatment and to get himself together, and he has not done well. And he's back again, basically doing the same thing, absconding and not doing what he's supposed to do.

14

(N.T. 2/16/18, p. 12-13). As stated above, where "the reason for revocation and sentence are usually obvious, and there is not much that the judge would need to say." <u>Reaves</u>, *supra*. Accordingly, this Court's judgment of sentence should be affirmed.

## CONCLUSION

After review of the applicable case law, testimony, and statutes, this Court committed no error. This Court properly sentenced Defendant to a term of 2 ½ to 5 years state incarceration after finding him in technical violation of his probation for the fifth time. This sentence was not manifestly excessive and this Court more sufficiently stated adequate reasons on the record for the sentence imposed. Accordingly, this Court's judgment of sentence should be affirmed.

BY THE COURT:

_____ J.

15